WICKER, Judge.
Willie E. Gray, defendant and third-party plaintiff in this redhibition suit, appeals the dismissal of his third-party demand against the Parish of St. Charles on an exception of prescription. We affirm.
Willie E. Gray, the owner of a house and lot in Luling, sold this property to Cynthia Roussell Mitchell and her husband, Kermit J. Mitchell on June 2,1986. The Mitchells sued Gray to rescind the sale on May 28, 1987, alleging certain redhibitory vices mostly related to the sinking of the house. They also alleged Gray knew of these defects at the time of the sale and was therefore in bad faith. Gray was not served, apparently because he no longer lived in Louisiana, until service under the long arm statute in October or November of 1991.
*675 Gray answered the suit on February 3, 1992, generally denying the existence of any defects or, alternatively, that any such defects were caused by the Mitchells. . Almost one year later, on October 28, 1992, Gray filed his third party demand against the Parish, alleging that any defects in the house were caused by the Parish’s having lowered the water table in the area.
The Parish filed an exception of prescription which was maintained. Gray appeals this decision, arguing that contra non valen-tem should apply to excuse his failure to join the Parish within the ninety day period provided in La.C.Civ.P. art. 1067. According to Gray, he didn’t discover the Parish’s tortious conduct in lowering the water table, which he alleges took place in 1986 and 1987, until October of 1992. The Parish argues that Gray, who owned the property for at least seven years before selling it to the Mitchells, should have had actual or constructive knowledge of the settling of his own home.
In the meantime, prompted by Gray’s third party demand, the Mitchells supplemented and amended their petition to add the Parish as a defendant; and the Parish filed another exception of prescription. That exception was also maintained, dismissing the Mitchells’ claims. That dismissal has also been appealed and the record supplemented. The appeal of that judgment, however, is not a part of the present appeal.
We find no error in the ruling on prescription. Gray’s claim against the Parish is prescribed on its face, thus he had the burden of proving suspension of prescription due to his lack of knowledge or discovery. Bennett v. General Motors Corp., 420 So.2d 531 (La. App. 2d Cir.1982). This he has failed to do.
We affirm the dismissal of Willie E. Gray’s third party demand against the Parish of St. Charles. Gray must pay the cost of this appeal.

AFFIRMED.